ABRAHAM BRANDT, PLAINTIFF, v. LOUIS TARTAR, DEFENDANT.

Submitted October 13, 1928—Decided March 11, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Charles M. Atkinson.*

*Contra, Raymond L. Siris* and *D. Trueman Stackhouse.*

PER CURIAM.

On this rule to show cause the defendant challenges the sufficiency of the affidavit to support the judgment entered upon a bond and warrant of attorney. No depositions were taken in support of his motion. Consequently the court has for its consideration only such statements as appear on the face of the records of the proceedings.

The first point is that the affidavit is insufficient because taken before a notary public. While it is true that section 12 of the act concerning bonds and warrants (*Comp. Stat., p.* 219) provides that the affidavit required by the act *may* be made before certain designated officers, yet this provision is plainly amplified by the act relative to oaths and affidavits as amended by *Pamph. L.* 1916, *p.* 90, which provides that—

"All oaths, affirmations and affidavits required to be made or taken by any statute of this state, or necessary or proper to be made, taken or used in any court of this state, or for any lawful purpose whatever, may be made and taken by and before * * * any notary public."

It is thus plain that an affidavit upon which a judgment by confession is based being necessary or proper to be made, taken or used in the court in which said judgment is to be entered, may be taken before a notary public.

We do not think that the judgment should be set aside as excessive as urged in the second point. It is quite apparent that the difference of $88 between the amount of the judgment as entered and the amount of the bond was arrived at by calculating the interest from the date of the sale, June 8th, 1928, to the entry of the judgment, August 15th, 1928. We think that since the amount of the bond was liquidated at $8,000 on June 8th, 1928, the date of the sale, the plaintiff would be entitled to interest from this date.

An attack is also made upon the judgment on the ground that "there is a variance between the purpose for which the bond was given and the obligation as set out by the affidavit of the plaintiff." Since this is a specific statement of the ground upon which relief against the judgment is sought, we assume that the argument under this head in defendant's brief is directed particularly to this contention.

The question to be decided is whether the affidavit of the plaintiff sets forth a sufficient cause of action which may be the subject of a judgment by confession. The bond provides that the defendant guarantees to the plaintiff that he (the plaintiff) will realize from the foreclosure sale of certain premises at least $8,000. This is the bond to which reference is made in the affidavit and upon which the judgment is founded, and the affidavit specifically sets forth that $8,000 was not realized to the plaintiff from the foreclosure sale of the premises specifically referred to in the bond, and that, in fact, nothing was realized therefrom for the plaintiff. The affidavit concludes with the statement that "on the said date of June 8th, 1928, there was due to deponent the full amount of $8,000 by virtue of said bond executed to deponent by said defendant upon which said deponent has received nothing." It is, therefore, plainly apparent that this statement is equivalent to an assertion that nothing was received from the $20,000 mortgage transaction.

The rule to show cause will be discharged, with costs.