ALBERT H. KNOETTNER, ALBERT KNOETTNER AND HARRY KNOETTNER, PARTNERS TRADING UNDER THE FIRM NAME OF A. H. KNOETTNER & SONS, PLAINTIFFS, v. INTEGRITY CORPORATION OF NEW JERSEY ET AL., DEFENDANTS.

Submitted January term, 1931—Decided June 29, 1931.

Before Justices CASE, DALY and DONGES.

For the rule, *W. Louis Bossle.*

*Contra, Waddington & Mathews.*

PER CURIAM.

This is on a rule to show cause issued to Fidelity Mortgage Finance Company, Incorporated, prosecutor, and directed against Marie Elizabeth Fox, respondent. Respondent is the assignee of a judgment rendered in favor of the plaintiffs against the defendants by confession on bond and warrant of attorney. Two of the defendants, namely, William B. Fox and Alice E. Fox, his wife, subsequent to the entry of the judgment, executed a bond and a mortgage on real estate to co-defendant, Integrity Corporation of New Jersey, which mortgagee assigned the bond and mortgage to Fidelity Mortgage Finance Company, Incorporated. The last named corporation, prosecutor, seeks by its rule to have the judgment set aside and canceled of record upon the ground that the affidavit annexed to the bond, upon which judgment was confessed, is insufficient in that it does not set forth the true consideration of the bond for which the judgment was confessed.

The affidavit recites that except for $15, which, by the terms of the bond, was to be paid by the obligors for reducing the bond to judgment, the amount of the obligation was made up of $326.63, an indebtedness by Integrity Corporation of New Jersey to the obligees "for certain plumbing and heating upon one job," and $347.37 "for plumbing and heating work done upon a certain other job * * * for which outlay said Integrity Corporation of New Jersey agreed to reimburse said obligees and as to the other obligors in said bond named, to wit, Harold Paul Fox, Edward Earl Fox, William F. Fox and Alice E. Fox, the true consideration of said bond was their joint and several agreement to guarantee all of said indebtedness owing by the Integrity Corporation of New Jersey aforesaid unto said obligees;" to which is appended the usual recital that the debt is justly and honestly due and that the judgment is not confessed to answer any fraudulent intent or purpose. The case comes to us on a brief stipulation of facts, within which is the statement that the sum of $326.63 was the balance due for work upon the dwelling house situated on lots 32 and 33, section "L," division A, Plan of Haddonleigh Revised, which is the property upon which the prosecutor's mortgage was given.

We consider that the affidavit is susceptible of the interpretation that in the sale of the plumbing materials to Integrity Corporation of New Jersey the firm of A. H. Knoettner & Sons received also the guarantee from the owners of the properties that the bill would be paid. If that be so, then there was consideration for the bond. There is nothing in the record from which fraud may be inferred; certainly no fraud is proved. The judgment was of record prior to the execution and delivery of the mortgage and, of course, prior to the assignment to the prosecutor of the rule. The prosecutor, therefore, had notice. The prosecutor had no rights in the property or against the parties at the time the judgment was entered. It is rather difficult to determine the ground upon which the prosecutor, a complete stranger to the transaction at the time it occurred, and whose after-acquired interest was taken with constructive notice, and who under-

takes neither to allege nor to prove fraud, may properly intervene.

The prosecutor asserts that it is not concerned with the proposition of whether or not there was any consideration for the guarantee but that its only concern is as to the sufficiency of the affidavit. This position is probably one of necessity, as the plain inference from the proofs is that there was consideration. Against this bald attack we think the affidavit is sufficient.

The rule will be discharged.