ATLANTIC COUNTY CIRCUIT COURT.

MARY HARRISON, PLAINTIFF, v. GREGORY DOBKIN,
DEFENDANT.

Decided November 7, 1933.

For the plaintiff, *David S. Harrison.*

For the defendant, *Harold L. Wertheimer* and *Babcock &
Champion.*

JAYNE, C. C. J. Application is made in behalf of the defendant to vacate and set aside a judgment entered in this court on December 7th, 1932, in favor of the plaintiff upon a bond and warrant of attorney executed by the defendant under date of May 18th, 1931. The application to vacate this judgment rests upon the contention that the affidavit of the plaintiff produced before the commissioner was in several particulars insufficient to justify the entry of the judgment.

The statute relative to the essential substance of the affidavit required for the entry of a judgment by confession on a warrant of attorney is as follows:

"That no judgment shall be entered in any court of record of this state, on a warrant of attorney to confess such judgment, or by the defendant appearing in person in open court and confessing the same, unless the plaintiff or his attorney shall produce, at the time of confessing such judgment, to the court, judge, justice, or commissioner before whom the judgment shall be confessed, an affidavit of the plaintiff, his attorney or agent, of the true consideration of the bill, bond, deed, note, or other instrument of writing or demand for which the

said judgment shall be confessed; which affidavit shall further set forth that the debt or demand for which the judgment is confessed is justly and honestly due and owing, to the person or persons to whom the judgment is confessed, and that the said judgment is not confessed to answer any fraudulent intent or purpose or to protect the property of the defendant from his other creditors." 1 *Comp. Stat., p.* 221, § 11.

The statutory ancestor of our present legislation relating to the entry of judgments on bonds and warrants of attorney appears to have been the act of March 9th, 1798. After the enactment of this early statute, it seems to have been optional in the practice then prevailing to either enter the confessed judgment as at the common law or according to this statute. The first legislative enactment requiring judgments on bonds and warrants to be entered only in the manner prescribed by statute appears to be the act of February 28th, 1804. In the line of subsequent legislation may be found the acts of 1817, 1818, 1820 and 1829.

The language of the existing legislation is significant. It is that no judgment shall be entered in any court of record in this state on a warrant of attorney to confess such judgment unless the plaintiff or his attorney shall produce before the commissioner at the time of confessing such judgment an affidavit containing certain essential and requisite statements of fact. The statute was obviously intended to prohibit the entry of such judgments in the absence of the production of the requisite affidavit. *Clapp* v. *Ely,* 27 *N. J. L.* 555; *Haddonofield National Bank* v. *Hipple,* 110 *Id.* 271.

True, if the statements contained in the affidavit substantially comprehend the facts required by the statute to be embodied in such an affidavit, a judgment entered thereon will not be set aside. In such circumstances, the affidavit is regarded to be in substantial compliance with the intent and purpose of the statutory requirement. *Warwick* v. *Matlack,* 7 *N. J. L.* 165; *Scudder* v. *Coryell,* 10 *Id.* 341; *Latham* v. *Lawrence,* 11 *Id.* 322; *Hoyt* v. *Hoyt,* 16 *Id.* 143; *Strong* v. *Gaskill,* 95 *Id.* 14; *Brandt* v. *Tartar,* 7 *N. J. Mis. R.* 229; 145 *Atl. Rep.* 225; *Knoeltner* v. *Integrity Corporation of*

*New Jersey,* 9 *N. J. Mis. R.* 745; 155 *Atl. Rep.* 461; *Haddonfield National Bank* v. *Hipple, supra;* 34 *Corp. Jur.* 122.

The present application, therefore, requires the initial inquiry whether the affidavit in the case *sub judice* is in substantial compliance with the requirements of the statute. It is contended in behalf of the defendant that the affidavit discloses that the bond was secured by a real estate mortgage and that the affidavit should therefore have stated that the mortgage had first been foreclosed and the premises sold and that the required notice of intention to enter judgment for the deficiency had been filed. The fact is that in the instant case the mortgage was first foreclosed, the premises sold and the required notice filed. The statement of such facts need not be contained in the affidavit to be produced for the entry of the judgment on a bond and warrant of attorney. *Levin* v. *Wenof,* 7 *N. J. Mis. R.* 603.

The affidavit, however, fails to state that the debt or demand for which the judgment is confessed is "justly and honestly due and owing" to the plaintiff and the affidavit omits the statement "that the said judgment is not confessed to answer any fraudulent intent or purpose or to protect the property of the defendant from his other creditors." The only pertinent language of the affidavit is "there is due to me from the defendant, Gregory Dobkin, on account of said bond, the sum of $3,000 with interest, &c., thereby making a total amount due to me from said defendant for principal and interest as of December 6th, 1932, of $3,189." It will be observed that it is not stated in this affidavit that the indebtedness is either "justly" or "honestly" due. *Haddonfield National Bank* v. *Hipple, supra.* Moreover, in addition to the omission of the word "justly" or the word "honestly," the plaintiff has likewise discarded in her affidavit the statement that the judgment is not confessed to answer any fraudulent intent or purpose or to protect the property of the defendant from his other creditors. Thus the affidavit of the plaintiff in the instant case totally omits the factual statements absolutely essential to the fulfillment of the obvious intent and purpose of the statutory provision. The evil which this statutory provision sought to eradicate arose in times of serious finan-

cial distress not unlike those presently existing, and thus on an application such as this, the evident object and purpose of the statute cannot be lightly regarded.

No depositions have been taken from which it may be definitely concluded that the debt was justly and honestly due and owing and that the judgment was not confessed to answer a fraudulent intent or purpose or to protect the property of the defendant from his other creditors, but assuming it to be an honest debt and assuming that the judgment was not confessed for any such deceitful purpose, it must be recognized that the application to vacate this judgment is not made by a judgment creditor of the defendant but by the defendant himself who asserts that the judgment was improvidently and irregularly entered against him. *Reading* v. *Reading,* 24 *N. J. L.* 358; *Evans* v. *Adams,* 15 *Id.* 373, 375.

In resisting the present application, it is argued, *inter alia,* that this court in its discretion ought not to set aside this judgment merely because on the record the affidavit is not in compliance with the statute. It is well settled that by the common law if a judgment is regularly entered, an application to open such judgment is addressed wholly to the discretion of the court in which it was rendered. *Smith* v. *Livesey,* 67 *N. J. L.* 269; *Assets Development Co.* v. *Wall,* 97 *Id.* 468. Moreover, a judgment regularly entered, by confession on a warrant of attorney, may, upon good cause being shown, be set aside in the discretion of the court. *Silvers and Brittin* ads. *Reynolds,* 18 *Id.* 238.

The present application, however, presents a situation where a judgment has been irregularly entered in disregard of the requirements of the statute in that the affidavit is in its essential substance insufficient to justify the entry of the judgment. If the affidavit is not in substantial compliance with the statute, the duty of the court on an application by the defendant to set aside the judgment so irregularly entered has been regarded as imperative rather than discretionary.

"It was an appeal to the legal judgment of the court, and if the party making that appeal had the legal right to do so; and if upon inspecting the record, there was error; then the court had no discretion to grant or refuse the motion, but

were bound *ex debito justiciæ*, to set aside the judgment." *Evans* v. *Adams*, 15 *N. J. L.* 373, 378.

"This judgment may have been confessed for an honest debt and no actual injustice may have been done by it to the defendant or to his other creditors, yet, as the legislature, *in* seeking 'to secure fairness, honesty and good faith in such transactions' in their wisdom have directed upon what condition alone an honest creditor can exercise his honest right of securing a just debt by a judgment, this court, when called upon to act, must *'ex debito justiciæ'* see that the requirements of the statute are not evaded or misunderstood." *Reading* v. *Reading*, 24 *N. J. L.* 358, 362.

There is a material distinction between an application to vacate a judgment because it has been illegally entered and an application to open a judgment because it is alleged to be unjust and inequitable. On the latter application, the moving party must undoubtedly act diligently, disclose a meritorious reason for the reopening of the judgment, and the court will also consider to what extent the rights of the plaintiff will be endangered by reopening the judgment. An illustration of an application of the former class would be one to vacate a judgment entered without due process of law. In the instant case, the judgment was entered in violation of the statute which expressly prohibits the entry of such a judgment unless the required affidavit is made and produced. The judgment must accordingly be vacated and set aside.